17-3027 (L)
Doe et al. v. Cappiello et al.

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 30th day of January, two thousand nineteen.

PRESENT:   DENNIS JACOBS,
           REENA RAGGI,
           RAYMOND J. LOHIER, JR.,
                 <u>Circuit Judges</u>.

- - - - - - - - - - - - - - - - - - - - -X

JOHN DOE, INDIVIDUALLY AND ON BEHALF OF M.S.,
AN INFANT, AS NEXT FRIENDS, AND JANE DOE,
INDIVIDUALLY AND ON BEHALF OF M.S., AN INFANT,
AS NEXT FRIENDS,

         <u>Plaintiffs-Appellees</u>,

         -v.-                                    17-3027 (Lead),
                                                 17-3030 (Con),
                                                 17-3155 (Con)

JAMES CAPPIELLO, JOSEPH A. LIMA, SIMON
VALERIO, SENIOR PAROLE OFFICER RICHARD
ROSADO,

         <u>Defendants-Appellants</u>,

**MILZA MERCEDES, REBECCA RODRIGUEZ,
RENNIE RODRIGUEZ, WILLIAM HOGAN,
ANTHONY J. ANNUCCI, TINA M. STANFORD,
MR. TERRENCE X. TRACY, EMILY SCOTT,**

      **Defendants.**

- - - - - - - - - - - - - - - - - - - -X


| | |
|---|---|
| **FOR PLAINTIFFS-APPELLEES:** | BLAIR R. ALBOM, Friedman Kaplan Seiler & Adelman LLP, New York, NY (Robert S. Smith, Friedman Kaplan Seiler & Adelman LLP, New York, NY; Nathan S. Richards, Michael B. Mukasey, Debevoise & Plimpton LLP, New York, NY; Christina Swarns, Office of the Appellate Defender, New York, NY, <u>on the brief</u>). |
| **FOR DEFENDANT-APPELLANT JAMES CAPPIELLO:** | ROBERT ALAN SOLOWAY, Rothman, Schneider, Soloway & Stern, LLP, New York, NY. |
| **FOR DEFENDANT-APPELLANT SENIOR PAROLE OFFICER RICHARD ROSADO:** | EDWARD M. KRATT, Law Office of Edward M. Kratt, Esq., New York, NY. |
| **FOR DEFENDANTS-APPELLANTS JOSEPH A. LIMA AND SIMON VALERIO:** | LAWRENCE HENRY SCHAEFER, (Jeffrey P. Mans, <u>on the brief</u>), Lippes Mathias Wexler Friedman LLP, Albany, NY. |

Appeal from an order of the United States District Court for the Southern District of New York (Engelmayer, <u>J</u>.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the district court's order denying Defendants' claim of qualified immunity is **AFFIRMED**.

Defendants-Appellants James Cappiello, Richard Rosado, Joseph A. Lima, and Simon Valerio (together, "Defendants"), all employees of the New York State Department of Corrections and Community Supervision, appeal an order from the Southern District of New York (Engelmayer, J.) denying their motion for qualified immunity. Defendants were all involved in the parole supervision of Plaintiff-Appellee John Doe. Doe, his wife Jane Doe, and their new-born son M.S. (together, "Plaintiffs") claim that Defendants infringed their rights to familial association and to procedural and substantive due process when Defendants ordered Doe to move out of the family apartment because a condition of his parole required a parole officer's permission for him to be in contact with a minor ("Special Condition Thirteen"). The district court awarded summary judgment in favor of Plaintiffs on all issues except damages, and Defendants bring this interlocutory appeal of the court's denial of qualified immunity. Because no reasonable officer could conclude that Defendants' actions were legal, Defendants are not entitled to qualified immunity. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review. We affirm for substantially the same reasons set forth in the district court's opinion.

John Doe served eight years in prison for rape in the second degree, sodomy in the second degree, and endangering the welfare of his ex-wife's niece, who was 13- and 14-years old at the time of the crimes. At Doe's trial, the victim testified that Doe engaged in vaginal and oral sex with her while she resided with Doe, his ex-wife, and their four children. Prior to his release, Doe agreed to abide by a set of parole conditions, including Special Condition Thirteen: "I will have no contact with any person under the age of eighteen, without the written permission of the supervising parole officer." J. App'x 37.26. Doe was released in November 2011 and moved in with Jane Doe in December 2011. In September 2012, Jane Doe gave birth to M.S.

3

At a meeting with his parole officers in October 2012, Doe was told that Special Condition Thirteen prohibited him from residing with his infant son. Doe moved into a homeless shelter. About five months later, in February 2013, Doe was allowed to move back in with Jane Doe and M.S. But in August 2013, Defendants again instructed Doe that he was not permitted to have contact with M.S., and in September, Doe once more moved into a homeless shelter. Doe was eventually reunited with M.S. in June 2014.

A denial of qualified immunity on summary judgment "is an appealable final decision to the extent that the denial turns on an issue of law." McCullough v. Wyandanch Union Free Sch. Dist., 187 F.3d 272, 277 (2d Cir. 1999). Appealable matters involve "disputes about the substance and clarity of pre-existing law," not about "what occurred, or why an action was taken or omitted." Ortiz v. Jordan, 562 U.S. 180, 190 (2011).

We review a denial of qualified immunity *de novo.* Ricciuti v. Gyzenis, 834 F.3d 162, 167 (2d Cir. 2016). Qualified immunity shields federal and state officials from money damages unless it is demonstrated "(1) that the official violated a statutory or constitutional right, and (2) that the right was 'clearly established' at the time of the challenged conduct." Ashcroft v. al–Kidd, 563 U.S. 731, 735 (2011) (citation omitted). "The relevant, dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." Saucier v. Katz, 533 U.S. 194, 202 (2001).

**1.** Two of Plaintiffs' claims--First Amendment familial association and Fourteenth Amendment substantive due process--may be considered together since we have applied the identical analysis to both kinds of claims. See Patel v. Searles, 305 F.3d 130, 135 (2d Cir. 2002) (noting that the Supreme Court has treated the right to familial association as "a fundamental element of personal liberty" (quoting Roberts v. U.S. Jaycees, 468 U.S. 609, 618 (1984))). Every proposition of law relevant to these claims was clearly established in United

4

States v. Myers, which considered a special condition of supervised release similar to Special Condition Thirteen.  426 F.3d 117 (2d Cir. 2005).  Then-Judge Sotomayor observed that the interest of parents in "the care, custody, and control of their children" is "perhaps the oldest of the fundamental liberty interests recognized by" the Supreme Court, id. at 125 (quoting Troxel v. Granville, 530 U.S. 57, 65-66 (2000) (plurality opinion of O'Connor, J.)), and that any restrictions on a releasee's right to maintain a relationship with their child must satisfy strict scrutiny, id. at 126.  Myers vacated the condition of supervised release and remanded to determine whether it was narrowly tailored to accomplish its goal. Id. at 128.

Defendants have essentially conceded that this law is well established and that they imposed a complete ban on contact between Doe and M.S. without considering less-restrictive alternatives, such as supervised visitation.  This decides the appeal.[1]  Whether Doe specifically requested lesser restrictions is irrelevant, since it is the state's obligation to narrowly tailor.  In any event, the district court found that Doe "made plain his interest in maximal contact with M.S. and had never articulated an all-or-nothing position."  S. App'x 35.  No reasonable officer would believe that a complete ban on contact between Doe and M.S. was required to meet the state's interest in M.S.'s safety.  Accordingly, Defendants are not entitled to qualified immunity for the violations of Plaintiffs' familial association and substantive due process rights.

**2.** In the context of child removal, it is clearly established that a pre-deprivation hearing is the lynchpin of parent's procedural due process rights: "[a] parent may not lawfully be deprived of the custody of his or her child without a hearing 'at a meaningful time and in a meaningful manner.'"  Gottlieb v. Cty. of Orange, 84 F.3d 511, 520 (2d Cir. 1996) (quoting Armstrong v. Manzo, 380 U.S. 545, 552 (1965)).  Removal of a child from parental custody without a prior hearing is permissible only if an emergency provides "an objectively

---

[1] At oral argument, Judge Raggi asked, "even if [Defendants] felt, given [Doe's] past conduct, that he could not be alone, even with a newborn, what is the basis for thinking that he could not participate in *supervised* visits?"  Counsel for Cappiello acknowledged "there is no basis."

reasonable basis for believing that a threat to the child's health or safety is imminent." Id. Even then, "the State has the duty to initiate a 'prompt' post-deprivation hearing after the child has been removed from the custody of his or her parents." Kia P. v. McIntyre, 235 F.3d 749, 760 (2d Cir. 2000). "The burden of initiating judicial review must be shouldered by the government." Duchesne v. Sugarman, 566 F.2d 817, 828 (2d Cir. 1977). "[T]he state cannot constitutionally 'sit back and wait' for the parent to institute judicial proceedings. It 'cannot . . . (adopt) for itself an attitude of "if you don't like it, sue."'" Id. (quoting Kimbrough v. O'Neil, 523 F.2d 1057, 1060 n.3 (7th Cir. 1975) (Swygert, J., concurring)).

Defendants do not dispute that Doe was entitled to a hearing, that he did not receive a pre-deprivation hearing, and that he did not receive a prompt hearing post-deprivation. As to the first period of deprivation, Doe was told to move out of his home on October 4, 2012, and received a hearing, at the earliest, in January of 2013 when he was interviewed by the New York Center for Addiction Treatment Services. Nor was there a hearing prior to or promptly after the second period of deprivation, which began on September 5, 2013. Defendants do not argue that this law is less than clearly established or that a reasonable officer could conclude that it was legal to deprive Doe of a prompt hearing. They are not entitled to qualified immunity for the deprivation of Plaintiffs' procedural due process rights.

We have considered the Appellants' remaining arguments and find them to be without merit. Accordingly, we AFFIRM the district court's order denying Defendants' claim of qualified immunity.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

6